UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

———————————

№ 19-CV-6095 (KAM) (RER)

———————————

S<small>ELL</small> B<small>ELOW</small> C<small>OST</small> USA LLC,

Plaintiff,

VERSUS

B<small>LUE</small> I<small>SLAND</small> H<small>OLDING</small> G<small>ROUP</small> (US) I<small>NC</small>., <small>AND</small> M<small>INGLAN</small> C<small>HEN</small>,

Defendants.

———————————

**REPORT & RECOMMENDATION**

February 9, 2021

———————————

T<small>O</small> T<small>HE</small> H<small>ONORABLE</small> J<small>UDGE</small> K<small>IYO</small> A. M<small>ATSUMOTO</small>
U<small>NITED</small> S<small>TATES</small> D<small>ISTRICT</small> J<small>UDGE</small>

**RAMON E. REYES, JR., U.S.M.J.:**

On October 29, 2019, Plaintiff, Sell Below Cost USA LLC ("Plaintiff" or "Sell Below") commenced this action against Defendants Minglan Chen ("Chen") and Blue Island Holdings Group (US) Inc. ("Blue Island") (collectively, "Defendants"), seeking a declaratory judgment that a patent is invalid and that products sold by Plaintiff do not infringe on that patent, as well as asserting New York common law claims for product disparagement; tortious interference with business relations; unfair competition; and defamation. (Dkt. No. 1 ("Compl.")) Presently before the Court is Plaintiff's Motion for Default Judgment against Blue Island on its patent invalidity, tortious interference with business relations, and unfair competitions claims. (Dkt. Nos. 18, 18-3 ("Proposed Judgment") and 19 ("Pl.'s Mem.")). For the reasons stated below, I respectfully

1

recommend that default judgment be denied and that the Complaint be dismissed without prejudice.

## BACKGROUND

This dispute centers on the validity of a patent filed by Chen, and whether she reasonably believed a product sold by Plaintiff infringes that patent. Plaintiff is a New Jersey corporation, with an office and place of business in Brooklyn, New York, that specializes in selling a variety of consumer products to retail customers on the Amazon.com platform ("Amazon"). (Compl. ¶¶ 1, 12-15). According to the Complaint, defendant Blue Island is a Colorado corporation for which Chen is the registered agent. (Compl. ¶ 18). Chen maintains a residence in the People's Republic of China. (Compl. ¶¶ 19, 44).

On August 16, 2016, Blue Island registered as a corporation with the Colorado Secretary of State.[1] Chen is listed as Blue Island's registered agent. (Compl. ¶ 18). The corporation was, however, voluntarily dissolved on July 28, 2017. Nearly six months after Blue Island was dissolved, on January 15, 2018, Chen filed for a design patent for a "Swing" with the United States Patent and Trademark Office ("USPTO") (Dkt. No. 1-1 ("Compl. Ex. A")). A design patent, number US D854,106 S ("the '106 patent"), was granted on July 16, 2019 (Compl. Ex. A), nearly two years after Blue Island was dissolved. In the records maintained by the USPTO, Blue Island

---

[1] This Court takes judicial notice of the dates Blue Island was incorporated and dissolved, both of which are readily available on the Colorado Secretary of State's website. COLO. SEC'Y OF STATE, https://www.sos.state.co.us/biz/BusinessEntityDetail.do?quitButtonDestination=BusinessEntityResults&nameTyp=ENT&masterFileId=20161548230&entityId2=20161548230&fileId=20171579112&srchTyp=ENTITY (last visited Feb. 8, 2020). This Court may take judicial notice of the information available on a Secretary of State's website because the information is readily available and its accuracy "cannot be reasonably questioned." FED. R. EVID. 201(b)(2); *see also J & J Sports Prods., Inc. v. Gomez*, 18-cv-5199 (KAM)(CLP), 2019 WL 4744229, at *5 (E.D.N.Y. Sept. 29, 2019) (taking judicial notice of information on secretary of state website) (citing cases); *Feng Lin v. Quality Woods, Inc.*, No. 17-CV-3043 (DLI) (SJB), 2019 U.S. Dist. LEXIS 14239 at *14 (E.D.N.Y. Jan. 28, 2019) (citing *J&J Sports Prods., Inc. v. La Parranda Mexicana Bar & Resuarante Co.*, No. 17-CV-4171 (NGG) (SJB), 2018 U.S. Dist. LEXIS 199659, at *1 n. 3 (E.D.N.Y. Apr. 9, 2018) (same).

is listed as the "assignee" of the '106 patent despite the fact that it had already been dissolved prior to the assignment. (Compl. Ex. A). There is no record that the '106 patent has been assigned to another individual or entity. (Compl. ¶ 48).

Prior to July 20, 2019, Plaintiff sold a product known as the "Multi-Color Saucer Tree Swing" ("the Tree Swing") on Amazon. (Compl. ¶ 38-39, 49). On or about July 20, 2019, Plaintiff received notice that Amazon had delisted the Tree Swing based on a complaint from the rights owner that the Tree Swing infringed the '106 patent. (Compl. ¶ 49). According to the Complaint, in Chen's complaint to Amazon she identified herself as the "Rights Owner" of the '106 patent. (Compl. ¶ 53).[2] Chen provided sandorslaw@outlook.com ("the Outlook Email") as her contact email.[3] (Compl. ¶¶ 54-59). After receiving the notice from Amazon, Plaintiff's counsel sent a letter to the Outlook Email setting forth the reasons Plaintiff believed the '106 patent was invalid and why the Tree Swing could not infringe the '106 patent. (Compl. ¶ 59, Dkt. No. 1-2 ("Compl. Ex. B")). In sum, Plaintiff argued, as they do in this action, that the '106 patent was invalid due to anticipation and obviousness. (Compl. ¶ 63, 68-69, Ex. B.) It is unclear whether Chen ever

---

[2] Throughout the Complaint, Plaintiff argues that Chen acted on Blue Island's behalf. (Compl. at ¶ 21, 27, 71, 79). Plaintiff does not identify any time that Chen stated she was acting on behalf of the company. Instead, Plaintiff seems to assume that Chen was acting on behalf of the corporation, and not in her individual capacity, because she was the registered agent of and attempted to assign the '106 patent to Blue Island. However, Blue Island was dissolved as a corporation *nearly two years prior* to the assignment and *more than two years prior* to Chen's communications with Amazon. Under Colorado law, a dissolved corporation exists only to "wind up" business. COLO. REV. STAT. § 7-114-105(1). Since the assignment of the '106 patent and Chen's communications to Amazon do not appear to be "winding up" business, it is unclear how Chen acted on behalf of the corporation, and not in her individual capacity.

[3] Plaintiff did not provide any documentation of the conversations with Amazon regarding the patent. Plaintiff alleges that Chen submitted the complaint regarding potential infringement under Complaint ID 6269090561 but provides no copy of this complaint. (Compl. ¶ 49). Similarly, Plaintiff claims the Outlook Email was provided as the contact email for the Defendants in the "notice," but it is unclear what this "notice" is.

3

responded to this letter.[4] Regardless, Chen never rescinded her complaint to Amazon or otherwise requested that the Tree Swing be re-listed. (Compl. ¶ 72).

Plaintiff commenced this action on October 29, 2019. On November 8, 2019, a process server attempted to serve Chen as Blue Island's registered agent at the address listed for Blue Island on the Colorado Secretary of State website. (Dkt. No. 13-3 ("Process Server Aff.")). The unit for the address was vacant and the company could not be located at any other office. ("Process Server Aff.") The process server then attempted to serve Blue Island pursuant to COLO. REV. STAT. § 7-90-704(2) by mailing a copy of the pleadings to Blue Island's Colorado address, return receipt requested.[5] On November 14, 2019, the package was returned to the sender. (Process Server Aff.). On December 23, 2019, upon request by the Plaintiff, the Clerk of the Court entered default against Blue Island. (Dkt. No. 14). Then, on May 18, 2020, Plaintiff moved for default judgment. (Dkt. No. 18). Your Honor referred the default motion to me for a report and recommendation. (Order dated 10/19/2020).

---

[4] After stating that Plaintiff's counsel sent a letter to the Outlook Email, Plaintiff notes that the "Defendants ignored all facts and contentions regarding the invalidity of the '106 patent," and "instead, Chen on behalf of Blue Island, asserted that [the Tree Swing] infringes on the '106 patent," and if Plaintiff "wants to continue selling on Amazon, please contact us and provide an accounting of past sales of the accused products." (Compl. ¶ 70-71). It is unclear if Chen said this in her original Amazon complaint, or in subsequent communications with Plaintiff. No record of any communication with Chen is provided.

[5] It is unclear whether Plaintiff properly served Blue Island. The Process Server determined that Chen "was not located or found [at the Colorado address] and could not with reasonable diligence be served" at that location (Process Server Aff.). Nevertheless, he then mailed a copy of the Summons and Complaint to that same address, and the mailing was returned to sender. (Process Server Aff.). At the time the Summons and Complaint were mailed to the Colorado address, Plaintiff knew that Chen resided in the People's Republic of China but made no attempt to serve her there. (Compl. ¶¶ 19, 44; Process Server Aff.); *see A.O. Smith Corp. v. United States Smith Indus. Dev.*, 2017 U.S. Dist. LEXIS 77283, at *3 (D. Colo. May 22, 2017) (holding that service by registered mail pursuant to COLO. REV. STAT. § 7-90-704(2) was proper when the registered agent could not be located at the listed address on the Colorado Secretary of State website and "Plaintiff accordingly sent process by registered mail to [the registered agent's] principal address, which is in China.") Even if service was proper, Plaintiff lacks standing to bring this action against Blue Island.

## Discussion

### A. Default Judgment Standard

Rule 55 of the Federal Rules of Civil Procedure governs motions for default judgment. The Rule sets forth a two-part process to determine whether the motion should be granted. First, the plaintiff must obtain a certificate of default from the clerk of the court. FED. R. CIV. P. 55(a). This first step is nondiscretionary. *United States v. Conolly*, 694 F. App'x 10, 12 (2d Cir. 2017). At the request of the plaintiff, "the clerk must" issue a certificate of default when the "party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend" the action, "and that failure is shown by affidavit or otherwise." FED. R. CIV. P. 55(a); *New York v. Green*, 420 F.3d 99, 104 (2d Cir. 2005). Second, after the certificate of default is issued, the plaintiff "must apply to the court for a default judgment." FED. R. CIV. P. 55(b)(2). "Default judgments are 'generally disfavored and are reserved for rare occasions.'" *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 129 (2d Cir. 2011) (quoting *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993)).

A default serves as the defendant's admission that the complaint's well-pleaded factual allegations are true. *Masino v. Architectural Pavers Corp.*, No. 09-CV-2213 (DLI) (RER), 2009 U.S. Dist. LEXIS 126462, at *4 (E.D.N.Y. Dec. 2, 2009), *R & R adopted by* 2010 U.S. Dist. LEXIS 32502 (Jan. 15, 2010); *Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009) (after default the "court is required to accept all of the [plaintiff's] [well-pleaded] allegations as true and draw all reasonable inferences in its favor."). A fact is not considered "well-pleaded," however, "if it is inconsistent with [the] other allegations of the complaint or with facts of which the court can take judicial notice." *Hop Hing Produces Inc. v. Lin Zhang Trading Co, Inc.*, No. 11–CV–03259 (NGG)(RLM), 2013 WL 3990761, at *3 (E.D.N.Y. Aug. 5, 2013) (internal quotation marks

omitted). Ultimately, whether to grant a motion for default judgment is "left to the [court's] sound discretion." *Shah v. New York State Dep't of Civ. Serv.*, 168 F.3d 610, 615 (2d Cir. 1999); *Div. 1181 Amalgamated Transit Union-New York Emps. Pension Fund v. D & A Bus Co.*, 270 F. Supp. 3d 593, 606 (E.D.N.Y. 2017). "A district court need not agree that the alleged facts constitute a valid cause of action," *Mickalis Pawn Shop*, 645 F.3d at 128 (internal quotation and citation omitted), and the court therefore must "determine whether [the plaintiff's] allegations establish [the defendant's] liability as a matter of law," *Finkel*, 577 F.3d at 84.

### B. Declaratory Judgment of Patent Invalidity

Plaintiff seeks a declaratory judgment[6] against Blue Island that "the '106 patent is invalid as anticipated under 35 U.S.C. § 102 and/or obvious under 35 U.S.C. § 103."[7] (Compl. ¶¶ 3, 33, 73; Pl.'s Mem. at 12; Dkt. No 18). For the reasons set forth below, because the Complaint fails to allege sufficiently that Plaintiff has standing to seek declaratory relief, its Motion for Default Judgment against Blue Island must be denied.

The Declaratory Judgment Act ("the Act") provides that "in a case of actual controversy," a federal court may "declare the rights and other legal relations of any interested party seeking

---

[6] Plaintiff claims that this Court has jurisdiction pursuant to 28 U.S.C. § 2201 or "The Declaratory Judgment Act." (Compl. ¶ 30). "The Declaratory Judgment Act is not an independent basis for subject matter jurisdiction." *Prasco, LLC v. Medicis Pharm Corp.*, 537 F.3d 1329, 1135 (Fed. Cir. 2008) (citing *Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671-72 (1950)). It merely provides a remedy, declaratory judgment, which is only available if the court has jurisdiction from another source. *Cat Tech LLC, v. TubeMaster, Inc.*, 528 F.3d 871, 879 (Fed. Cir. 2008).

[7] Default judgment on the claims for non-infringement, product disparagement, and defamation were not requested in the Motion for Default Judgment or in the Proposed Judgment. (Dkt. No. 18, Proposed Judgment, Pl's Mem.) Accordingly, these claims are considered abandoned. *See e.g., Western Union Holdings, Inc. v. Haideri Paan & Cigarettes Corp.*, 18-CV-4281(NGG)(SJB), 2020 U.S. Dist. LEXIS 38788, at *n.1 (E.D.N.Y. Mar. 5, 2020) (finding that claims not requested in a "limited default judgment" are abandoned) (collecting cases); *Trs. of Plumbers Local Union No. 1 Welfare Fund v. Generation II Plumbing & Heating, Inc.*, No. 07-CV-5150(SJ)(SMG), 2009 WL 3188303, at *3 n.1, *4 n.3 (E.D.N.Y. Oct. 1 , 2009) (claims alleged in complaint but not asserted in the motion for default judgment are abandoned).

such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). "The 'actual' controversy' requirement . . . is rooted in Article III of the Constitution" and extends jurisdiction under the act "only to matters that are Article III cases or controversies." *SanDisk Corp. v. STMicroelectronics, Inc.*, 480 F.3d 1372, 1378 (Fed. Cir. 2007).

In the context of patents, an "actual controversy" for Article III purposes occurs when "'a patentee asserts rights under a patent based on certain identified ongoing or planned activity of another party, and where that party contends that it has the right to engage in the accused activity without license . . ." *Radiancy, Inc. v. Viatek Cosumer Prods. Grp.*, 138 F. Supp. 3d 303, 320 (S.D.N.Y. 2014) quoting *SanDisk*, 480 F.3d at 1381.[8] A controversy requires an affirmative act by the patentee to enforce their rights; it is not enough that a party merely "learns of the existence of a patent owned by another or even perceives such a patent to pose a risk of infringement." *Asia Vital Components Co. v. Asetek Danmark A/S*, 837 F.3d 1249, 1253 (Fed. Cir. 2016). This affirmative act can occur in a variety of ways and does not require the patentee to initiate a lawsuit for alleged infringement. *Danisco U.S. Inc. v. Novozymes A/S*, 744 F.3d 1325, 1330 (Fed. Cir. 2014) ("Article III does not mandate that the declaratory judgment defendant have threatened litigation or otherwise taken action to enforce its rights before a justiciable controversy can arise.") Once this event occurs, the alleged infringer may seek a declaratory judgment to determine their rights. *See Danisco*, 744 F.3d at 1330.

Here, the alleged Article III controversy occurred when the "rights owner" of the '106 patent notified Amazon that Plaintiff's Tree Swing infringed the '106 patent. (Compl. ¶ 49). After

---

[8] "Whether an actual case or controversy exists so that a district court may entertain an action for a declaratory judgment of non-infringement and/or invalidity is governed by Federal Circuit law." *3M Co. v. Avery Dennison Corp.*, 673 F.3d 1372, 1377 (Fed. Cir. 2012) (quoting *Medimmune, Inc. v. Genentech, Inc.*, 409 F.3d 1376, 1378 (Fed. Cir. 2005) *overruled on other grounds by* 549 U.S. 118, 127 (2007).

7

receiving this notification, Amazon removed the Tree Swing listing. (Compl. ¶ 49). Such an action may be an affirmative act that welcomes a declaratory judgment to determine Plaintiff's rights. In order to obtain declaratory relief, however, Plaintiff must have standing. *Teva Pharms. USA, Inc. v. Novartis Pharms. Corp.*, 482 F.3d 1330, 1337 (Fed. Cir. 2007). Article III standing "requires '[a] plaintiff [to] allege personal injury fairly traceable to *the defendants . . .*" *Id.* (emphasis added) (quoting *Allen v. Wright*, 468 U.S. 737, 751 (1984)); *see also Prasco, LLC v. Medicis Pharm Corp.*, 537 F.3d 1329, 1339 (Fed. Cir. 2008) (the "controversy must be . . . *caused by the defendants*." (emphasis in original); *Asia Vital Components*, 837 F.3d at 1253; *Athenex Pharma Sols., LLC v. Par Pharm., Inc.*, No. 18 CV 896, 2019 U.S. Dist. LEXIS 164416, at *11 (W.D.N.Y. July 9, 2019).

To have standing, Sell Below must sue the rights owner that contacted Amazon. *See e.g., Radiancy*, 138 F. Supp. 3d at 320. Plaintiff alleges that Blue Island is the rights owner. (Compl. ¶¶ 22, 47, 53). This allegation, however, is inconsistent with other allegations in the Complaint and other information available to the Court, and cannot be accepted as true. *See Norguard Ins. Co. v. Lopez*, No. 15-CV-5032 (DRH) (AYS), 2017 U.S. Dist. LEXIS 9798, at *42 (E.D.N.Y. Jan 24, 2017) (quoting *Hop* Hing, 2013 U.S. Dist. LEXIS 109735, at *7, *R&R adopted by* 2013 U.S. Dist. LEXIS 109513 (July 31, 2013)) (citations omitted) ("a fact is not considered 'well-pleaded' . . . 'if it is inconsistent with other allegations of the complaint or with facts of which the court can take judicial notice.'")

From both public records and the Complaint, it appears that Chen, and not Blue Island, is both the owner of the '106 patent and the individual that contacted Amazon. Therefore Chen, and not Blue Island, is the party that must be sued. The item described in '106 patent was invented by Chen, who subsequently filed for the patent on January 15, 2018. (Compl. ¶ 42-43, Ex. A). In the documents maintained by the USPTO, Blue Island, a Colorado corporation registered with the

8

Colorado Secretary of State, is listed as the assignee of the '106 patent. (Compl. ¶ 16, 18, Ex. A). According to the Colorado Secretary of State, however, Blue Island voluntarily dissolved on July 28, 2017, *six months prior* to date that the '106 patent application was filed, and nearly *two years before* the '106 patent was granted and subsequently assigned.

Under Colorado law, "[a] dissolved corporation continues its corporate existence but may not carry on any business except as is appropriate to wind up and liquidate its business and affairs . . ." COLO. REV. STAT. § 7-114-105(1); *see also* FED. R. CIV. P. 17(b)(2); (a corporation's capacity to be sued is determined by "the law under which it was organized."); *IBF Fund Liquidating, LLC v. Chadmoore Wireless Group Inc.,* No. 02-BK-41590 (BRL) 2007 Bankr. LEXIS 3422, at *24-25 (S.D.N.Y. Oct. 3, 2007) ("Pursuant to Colorado law, a dissolved corporation is prohibited from transacting business not performed in the course of wind-up or liquidation."). The Sixth Circuit, interpreting a similar Illinois statute, has held that a patent assignment to a dissolved corporation is void, as a patent assignment is not necessary to wind-up business. *Boynton v. Headwaters, Inc.*, 564 F. App'x 803, 810 (6th Cir. 2014) ("No party to this litigation contends that the patent assignment was necessary to 'wind up or liquidate' [the corporation's affairs]; therefore, that transfer of ownership of the patent was a nullity.") This reasoning is persuasive. Since the '106 patent application was filed six months after Blue Island was voluntarily dissolved, and the assignment did not occur until nearly two years after Blue Island dissolved, any attempt by Chen to assign the patent to the corporation is void. *See id*. Chen would therefore be the owner of the patent. Further, the Complaint explicitly states that Chen contacted Amazon *on her own behalf*. (Compl. ¶ 53 ("Chen identified herself as the Rights Owner of the '106 patent . . .")))[9]

---

[9] Plaintiff did not provide any copy of this notice to the Court.

9

Since Chen appears to be both the rights owner of the '106 patent and the party that contacted Amazon, it is she, and not Blue Island, that is responsible for any injury Plaintiff may have sustained. While Plaintiff originally sued Chen, it does not appear that it attempted to serve her in her individual capacity. In any event, Plaintiff has abandoned the claims against Chen for the purpose of this Motion. (Pl.'s Mem. at n. 1). Consequently, I respectfully recommend that Plaintiff has failed to meet its burden of establishing Article III standing—the well-pleaded allegations in the Complaint do not establish that Plaintiff suffered any injury that is fairly traceable to Blue Island's, as opposed to Chen's, actions—and therefore Plaintiff's motion for default judgment against Blue Island must be denied.

### C. State Claims

Plaintiff also seeks default judgment against Blue Island on its claims for tortious interference with business relations and unfair competition. (Compl. at 15-17; Dkt. No. 18). As discussed above, the Complaint fails to sufficiently allege any action directly attributable to Blue Island. In that regard, Plaintiff has failed to sustain its standing to bring these state common law claims against Blue Island. In any event, even if Plaintiff were to properly allege standing to bring such claims against Blue Island, default judgment would nevertheless fail because the allegations in the Complaint do not adequately state a claim for either tortious interference with business relations or unfair competition. I therefore respectfully recommend that the Motion for Default Judgment be denied and the claims dismissed without prejudice.

#### i. Tortious Interference With Business Relations

Tortious interference with business relations requires a showing that: "(1) the plaintiff had business relations with a third party; (2) the defendant interfered with those business relations; (3)

the defendant acted for a wrongful purpose or used dishonest, unfair, or improper means; and (4) the defendant's act injured the relationship." *Insight Global, LLC v. Wenzel*, No. 17-cv-8323 (PGG), 2018 U.S. Dist. LEXIS 147597, at *10 (S.D.N.Y. Aug. 27, 2018) (quoting *16 Casa Duse, LLC v. Merkin*, 791 F.3d 247, 261 (2d Cir. 2015)). To satisfy the third prong, the plaintiff must show that the "defendant's conduct [] amount[ed] to a crime or independent tort," the conduct was done "for the sole purpose of inflicting intentional harm on the plaintiff," or the defendant used "wrongful means" such as "physical violence, fraud or misrepresentation, civil suits and criminal prosecutions, and extreme and unfair economic pressure." *Insight Global,* 2018 U.S. Dist. LEXIS 147597 at *12 (quoting *Carvel Corp. v. Noonan*, 3 N.Y.3d 182, 190-91 (2004)).

Undoubtedly, Chen's communication with Amazon interfered with Plaintiff's business relationship with Amazon. Plaintiff successfully sold the Tree Swing on Amazon until the '106 patent rights owner alerted Amazon that the Swing infringed on her patent. (Compl. ¶¶ 38, 49, 107). After receiving this notice, Amazon removed the Tree Swing listing, which resulted in monetary damage to Plaintiff. (Compl. ¶ 51, 84). However, "[t]he law . . . does not prohibit or even discourage all forms of interference," only *improper* interference. *Godinger Silver Art v. Hirschkorn*, No. 18-cv-6175 (ENV) (ST), 2019 U.S. Dist. LEXIS 230386, at *13 (E.D.N.Y. Aug. 28, 2019). Thus, the only issue is whether Plaintiff sufficiently alleged Chen's communication with Amazon was wrongful. It does not.

In short, nothing in Plaintiff's pleadings "plausibly raises the inference that [Chen] subjectively believed [her] patent[] [was] invalid" or that her notices to Amazon "were filed in anything other than good faith."[10] *Id.* (holding that an Amazon seller failed to plead the third prong

---

[10] Plaintiff alleges that "Chen on behalf of Blue Island further said that if Sell Below Cost 'wants to continue selling on Amazon, please contact us and provide an accounting of past sales of the accused products.' This request for an

11

of tortious interference with a business relation when the patent holder subjectively believed that a product infringed on his patent and sent the seller take down notices). Once issued, design patents are presumed valid, and no court has ever ruled the '106 patent invalid. 35 U.S.C. § 282(a); *see also Research Corp. Techs. v. Microsoft Corp.*, 627 F.3d 859, 870 (Fed. Cir. 2010). Only *after* Chen contacted Amazon, did Plaintiff's counsel send her examples of "prior art" which *it* believed render the '106 patent invalid. (Compl. ¶ 60, Ex. B). Even if there were similar listings available for purchase on Amazon, these listings, standing alone, cannot infer that Chen *knew* the '106 patent was invalid, which is a legal determination to be made by a court. *See Howes v. Great Lakes Press Corp.*, 679 F.2d 1023, 1028-29 (2d Cir. 1982). Chen notified Amazon that she believed a product infringed her '106 patent; generally, this kind of notification is neither illegal nor tortious, especially when someone possesses a patent registration and there is no indication that she knew the patent was invalid. Therefore, Plaintiff has not sufficiently alleged tortious interference with a business relation.

### ii.  **Unfair Competition**

"'The essence of an unfair competition claim . . . is that the defendant has misappropriated the labors and expenditures of another' with 'some element of bad faith.'" *Nat'l Air Cargo Grp., Inc. v. Maersk Line Ltd.*, No. 17 Civ. 8659 (KPF), 2019 U.S. Dist. LEXIS 166871, at *28 (S.D.N.Y. Sept. 27, 2019) (quoting *Universal Instruments Corp. v. Micro Sys. Eng'g, Inc.*, 924 F.3d 32, 51 (2d Cir. 2019)). "Bad faith is an essential element of an unfair competition claim" and the plaintiff "must establish bad faith by showing that the defendant acted with a dishonest purpose." *Big Vision Private Ltd. v. E.I. DuPont De Nemours & Co.*, 1 F. Supp. 3d 224, 275 (S.D.N.Y. 2014), *aff'd*,

---

accounting is an obvious attempt by Defendants to extort Sell Below costs." (Compl. ¶ 71). It is unclear when or how this communication occurred. Plaintiff offers no explanation as to how this communication was tortious, illegal, or for any wrongful means.

610 F. App'x 69 (2d Cir. 2015). Mere negligence or recklessness is insufficient. *Id.*, *aff'd*, 610 F. App'x 69 (2d Cir. 2015). "While there is no complete list of activities which constitute unfair competition," the purpose of the tort is to "'protect rights of commercial value . . . from any form of commercial immorality . . .'" *CA, Inc. v. Simple.com, Inc.*, 621 F. Supp. 2d 45, 53 (E.D.N.Y. 2009).

Plaintiff's unfair competition claim fails for the same reason as the first tort: the pleadings fail to show that Chen acted in bad faith. The pleadings only provide that Chen contacted Amazon, identified herself as the rights owner of the '106 patent, and alleged that Plaintiff's product infringed on her patent. (Compl. ¶ 49). Absent any allegation, let alone factual support that Chen *knew* the patent was invalid, or *knew* that it was impossible for Plaintiff's product to infringe on her patent, or that Chen acted for any improper reason, Plaintiff is unable to show bad faith. Accordingly, I find that Plaintiff has not sufficiently alleged unfair competition.

*****

Because Plaintiff has failed to allege facts sufficient to establish its Article III standing to bring either patent invalidity or common law tortious inference and unfair competition claims against Blue Island, and because Plaintiff has not established that it served Chen in her individual capacity, I respectfully recommend that the Complaint be dismissed without prejudice. Plaintiff should be afforded the opportunity to pursue any such claims, or others, in a properly pleaded and served complaint.

## CONCLUSION

For the reasons set forth above, I respectfully recommend that Plaintiff's Motion for Default Judgment be denied and that the Complaint be dismissed without prejudice. Plaintiff's

13

counsel is hereby directed to serve copies of this Report and Recommendation upon Defendants by regular and certified mail and email to sandorslaw@outlook.com within three days, and to file proof of service with the Clerk of the Court within two days thereafter. Any objections to the recommendations made in this Report must be filed with the Clerk of the Court and the Honorable Kiyo A. Matsumoto within fourteen (14) days of receipt hereof. Failure to file timely objections waives the right to appeal the District Court's Order. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989).

RESPECTFULLY RECOMMENDED

**/s/ Ramon E. Reyes, Jr.**
RAMON E. REYES, JR.
United States Magistrate Judge

Dated: February 9, 2021
      Brooklyn, NY