```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------X

SELL BELOW COST USA LLC,

            Plaintiff,
                                        ORDER ADOPTING REPORT
                                        AND RECOMMENDATION
      v.
                                        19-cv-6095(KAM)(RER)
BLUE ISLAND HOLDING GROUP (US),
INC. and MINGLAN CHEN,

            Defendants.

-----------------------------------X
```

**KIYO A. MATSUMOTO, United States District Judge:**

On October 29, 2019, Plaintiff Sell Below Cost USA LLC ("Sell Below") initiated this action against Defendants Blue Island Holding Group (US) Inc. ("Blue Island") and Minglan Chen ("Chen")(collectively, "Defendants"), seeking a declaratory judgment that a patent (the "106 patent") owned by Chen is invalid and that products sold by Plaintiff do not infringe on that patent, and asserting New York common law claims for product disparagement, tortious interference with business relations, unfair competition, and defamation.  (*See* ECF No. 1, Complaint ("Compl.").)  After Defendants failed to respond to the complaint or otherwise defend this action, plaintiff sought, pursuant to Federal Rule of Civil Procedure Rule 55(a), entry of default against Blue Island.  (ECF No. 13, Plaintiff's Request

1

for Entry of Default Against Blue Island.)[1] On December 23, 2019, the Clerk of the Court entered a certificate of default against Blue Island. (ECF. No. 14, Clerk's Entry of Default.) On May 18, 2020, Plaintiff moved for a default judgment against Blue Island on its claims for: a declaratory judgment of invalidity of the 106 patent, unfair competition, and tortious interference with business relations. (ECF No. 18, Notice of Motion for Default Judgment.)

Presently before the court is Plaintiff's motion for default judgment, which the court referred to Magistrate Judge Ramon E. Reyes, Jr. for a Report and Recommendation. (Docket Order 10/19/2020.) On February 9, 2021, Judge Reyes issued a well-reasoned Report and Recommendation in which he recommended that Plaintiff's motion for default judgment against Blue Island be denied and that the complaint be dismissed without prejudice. (ECF No. 23, Report and Recommendation ("R&R"), at 1-2.) The court assumes familiarity with the factual and procedural history as set forth in the Report and Recommendation. (*Id.* at 2-4.)

In recommending dismissal of plaintiff's complaint, Judge Reyes concluded that Plaintiff's complaint failed to

---

[1] Plaintiff did not file a return of service for Chen. The Plaintiff notes in its return of service that attempts to serve Blue Island at a vacant address resulted in service by mail at its principal address. (ECF No. 13.) It does not appear that Chen was served.

sufficiently allege that Plaintiff has standing to seek declaratory relief against Blue Island. (R&R at 6-10.) In the context of patent disputes, Judge Reyes explained that to have standing, a plaintiff must sue the rights owner of the patent who committed the affirmative act resulting in plaintiff's injury. (*See id.* at 7-8.) Although Plaintiff alleged that Blue Island was the patent rights owner, a review of public records and the complaint established that Chen and not Blue Island was both the owner of the patent and the individual who contacted Amazon.com, Inc. ("Amazon"). (*Id.* at 8-9.) Thus, Chen and not Blue Island, was the correct party to be sued because Chen allegedly caused Plaintiff economic harm by requesting that Amazon remove Plaintiff's tree swing product for allegedly violating a patent. (*Id.* at 7-8 (citing Compl. ¶ 53).) Moreover, Colorado Secretary of State records showed that Blue Island was voluntarily dissolved six months prior to the 106 patent application by Chen, and nearly two years before the 106 patent was granted. (*Id.* at 8-9.) Accordingly, because Plaintiff abandoned its claim against Chen (*see* ECF No. 19, Plaintiff's Memorandum of Law in Support of Motion for Default Judgment, at 1 n.1), Judge Reyes concluded that Plaintiff failed to plead facts to support a finding of Article III standing to pursue its claims against Blue Island. (R&R at 10.)

Turning to Plaintiff's state law claims, Judge Reyes also concluded that Plaintiff's tortious interference with business relations claim fails because Plaintiff failed to allege that Chen's communication with Amazon was improper or wrongful. (*Id.* at 11-12.) Similarly, Judge Reyes explained that Plaintiff's unfair competition claim also fails because Plaintiff failed to allege that Chen acted in bad faith in contacting Amazon. (*Id.* at 12-13.) For the foregoing reasons, Judge Reyes recommended that Plaintiff's motion for default judgment be denied and that the complaint be dismissed without prejudice. (*Id.* at 13-14.)

The Report and Recommendation notified the parties of the right to file written objections by February 23, 2021, pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b). (R&R at 13-14.) Plaintiff served a copy of Judge Reyes's Report & Recommendation by email and certified mail to Defendants and filed mail receipts confirming service on February 16, 2021. (*See* ECF No. 24, Mail Receipt.) The period for filing objections has now lapsed, and no objections to the Report and Recommendation have been filed.

In reviewing a Report and Recommendation, the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1)(C). Where no objection to the Report and

4

Recommendation has been filed, the district court "need only satisfy itself that that there is no clear error on the face of the record."  *Urena v. New York*, 160 F. Supp. 2d 606, 609-10 (S.D.N.Y. 2001) (quoting *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985) (citations omitted)).

Upon careful review of the Report and Recommendation discussed above, the court finds no clear error in Judge Reyes's thorough and well-reasoned Report and Recommendation and hereby affirms and adopts the Report and Recommendation as the opinion of the court pursuant to 28 U.S.C. § 636(b)(1).  Specifically, the court agrees with Judge Reyes's finding that Plaintiff lacks Article III standing and similarly agrees with Judge Reyes's assessment of Plaintiff's state claims.

Accordingly, for the reasons set forth above and based upon the findings of fact and conclusions of law set forth in the Report and Recommendation and adopted herein, Plaintiff's motion for default judgment is denied and the complaint is dismissed without prejudice.  Plaintiff is directed to serve a copy of this Order on Defendants and file proof of service on ECF within seven (7) days.  The Clerk of the Court is respectfully directed to enter judgment dismissing Plaintiff's complaint without prejudice and close this case.

SO ORDERED.

                                                                          /s/
                                                        KIYO A. MATSUMOTO
                                                        United States District Judge
                                                        Eastern District of New York

Dated:    March 1, 2021
            Brooklyn, New York